UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUMBA RUM BAR LLC,<br><br>                      Plaintiff,<br><br>               v.<br><br>MARCO MARISCO CORP.,<br><br>                      Defendant. | C.A. No. 2:16-cv-3138<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Rumba Rum Bar LLC ("RRB" or "Plaintiff") brings this Complaint against Marco Marisco Corp. ("MMC" or "Defendant") and alleges as follows:

### Nature of the Case

1. This is a trademark infringement, unfair competition, and false affiliation case arising from Defendant's willful adoption and use of the name "KARAMBA" (pronounced "ka-RUMBA") for its recently opened restaurant located in Hampton Bays, New York. Due to the similar pronunciation and overall visual appearance of Defendant's use of "KARAMBA" (the "Infringing Mark"), MMC's use is causing actual confusion with respect to customers and potential customers of Plaintiff RRB which is also located in Hampton Bays, New York, and is likely to continue causing confusion unless MMC is enjoined from continued use of the Infringing Mark.  RRB seeks: (i) an injunction prohibiting MMC from using the Infringing Mark, or any mark confusingly similar thereto, in connection with restaurant and bar services, (ii) treble damages resulting from MMC's willful infringement, unfair competition, and false

advertising, and (iii) reasonable attorneys' fees and such other relief as the Court deems appropriate.

## Parties

2. Plaintiff Rumba Rum Bar LLC is a New York limited liability with its principal place of business located at 43 Canoe Place Road, Hampton Bays, NY 11946.

3. Upon information and belief, Defendant Marco Marisco Corp., is a New York corporation operating the "Karamba Restaurant" located at 26 West Montauk Highway, Hampton Bays, NY 11946.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the claims alleged pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338, because the action arises, in part, under 15 U.S.C. §§ 1114 and 1125.  This Court has subject matter jurisdiction over RRB's related state law and common law claims pursuant to 28 U.S.C. § 1338 because these claims are substantial and related claims under federal trademark law and pursuant to 28 U.S.C. § 1367, which codifies the doctrine of supplemental jurisdiction.

5. Venue is proper in this judicial district at least under 28 U.S.C. 1391(b)(1)-(2), (c), and (d) because MMC resides in this judicial district and all or a substantial part of the events or omissions giving rise to RRB's claims occurred in this district.

## Facts Common to All Counts

*RRB's "Rumba" Restaurant in Hampton Bays, New York*

6. Since 2009, RRB has been operating a restaurant in Hampton Bays, New York, using the name and service mark "Rumba" together with the tag line "Inspired Island Cuisine and Rum Bar," as seen together in the following logo design:



(Collectively, the RUMBA word mark and the RUMBA logo are referred to hereafter as the "RUMBA Marks"). RRB's "Rumba" restaurant ("Rumba") features Caribbean-style food and drink, with a festive décor designed to evince the feel of a restaurant located in the Caribbean.

7. Since opening Rumba, RRB has continually used the RUMBA Marks to advertise and market the restaurant, and has spent thousands of dollars to promote the brand through numerous advertising media channels. RRB has purchased print advertisements which have appeared in the following publications, amongst others: *Edible East End Magazine*, *LI Boating Times*, *Pulse Magazine*, *Dan's Papers,* and the *Southampton Press*. RRB has purchased radio advertising on WLNG, WHFM and other radio stations, and maintains an Internet website located at www.rumbarumbar.com. RRB also promotes the RUMBA Marks through the Hampton Bays Beautification Association, and the Hampton Bays and Southampton Chambers of Commerce.

8. Due to RRB's extensive advertising and marketing, and its excellent quality of food, service, décor and lively atmosphere, the RUMBA Marks enjoy strong brand recognition as evidenced by today's most popular restaurant and travel guides. As of the date of this Complaint, individuals rating Rumba on the *TripAdvisor* and *Yelp* websites rank it first amongst the more than 100 restaurants in the area. In addition, based on feedback and comments from customers, the prestigious *Zagat* publication gave Rumba a "very good to excellent" rating for the quality of its food.

9. The RUMBA Marks not only enjoy strong brand recognition in eastern Long Island, but also in the New York City metro area where the restaurant has been featured in such major New York City publications as *The New York Times* and *Newsday*. Further, RRB engages in charitable and community activities, especially local schools, further enhancing the positive brand recognition of the RUMBA Marks.

10. To protect the good will associated with the RUMBA Marks, RRB filed with the United States Patent and Trademark Office Application Serial Nos. 86964874 and 86965092 for the word mark and tag line "RUMBA INSPIRED ISLAND CUISINE AND RUM BAR" and the associated logo design described above.

*MMC Begins Advertizing – Results in Actual Confusion with RRB*

11. In or about mid-February, 2016, Plaintiff learned through Defendant's pre-opening advertising materials that it was planning to open its restaurant located only a few miles away under the name "KARAMBA" with the tag line "Tropical Restaurant and Mojito Bar," together with a logo design using a similar palm tree graphic as that of RRB's logo:



(the "Initial Karamba Logo").

12. Importantly, MMC's radio advertising pronounced the word "KARAMBA" to sound like RRB's mark "RUMBA" – preceded by a short "ka" sound – i.e. "ka-RUMBA."

13.     Concerned about this, on Feb 28, 2016, RRB's principal, David Hersh, spoke with an individual named "Sam" who was either a manager employed by Defendant, or a co-owner of the planned "Karamba" restaurant with Defendant. This individual stated to Mr. Hersh that he and the other "owners" of Karamba had visited Rumba three days prior, "to perform R&D" on the restaurant, including its style and décor. He also specifically acknowledged to Mr. Hersh that the Initial Karamba Logo was very similar to the RUMBA Marks.

14.     In the days following Mr. Hersh's conversation with "Sam," RRB's staff observed numerous instances of actual confusion expressed by customers and vendors of RRB. This included questions from patrons to the staff as to whether the planned new "Karamba" restaurant was being opened by RRB. Further, On March 10, 2016, Mr. Hersh spoke with a representative of one of RRB's food purveyors, who mentioned that he went to the new "Karamba" restaurant location and noted the obvious similarities in the name and logo, and décor. The representative also mentioned that another of its employees informed him that it appeared that "the owners of Rumba are doing another spot."

*RRB Cease and Desist Letter to MMC – Karamba Opens for Business Regardless*

15.     On or about March 14, 2016, counsel for RRB delivered to Defendant a letter discussing the Infringing Mark and the Initial Infringing Logo, and the instances of actual confusion discussed above (the "Cease and Desist Letter"). In the Cease and Desist Letter, RRB demanded that MMC adopt a different name prior to the opening date of its restaurant, and to provide a list of all advertising conducted to date.

16.     Despite RRB's demand, MMC refused to adopt a different name, choosing instead to alter its logo design to the following, without seeking any authorization from RRB or its counsel:

5



(the "New Karamba Logo").

17.    On or about March 25, 2016, Defendant began operating its restaurant using the Infringing Mark, including use of the New Karamba Logo.

18.    Defendant continues to advertise and market its restaurant using the Infringing Mark, including through an Internet website located at www.karambarestaurant.com and a Facebook page located at https://www.facebook.com/Karambatropical/, and upon information and belief through radio advertising and through other media channels.

## COUNT I
## Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)

19.    Plaintiff incorporates by reference the preceding paragraphs.

20.    Defendant's use of the Infringing Mark in commerce in connection with Defendant's restaurant is likely to cause confusion, mistake, and deception by creating the false and misleading impression that Defendant's services are provided by RRB; are affiliated, connected, or associated with RRB; or have the certification, sponsorship, endorsement, or approval of RRB.

21.    Defendant has made false or misleading descriptions of fact, false or misleading representations of fact, and/or false designations of origin of its services in violation of 15 U.S.C. § 1125(a) by using the Infringing Mark in connection with its services.

22.    Defendant is liable under 15 U.S.C. § 1125(a)(1)(A) for unfair competition as a result of its use of the Infringing Mark.

23. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception of customers and potential patrons of RRB as well as the general public.

24. The likelihood of confusion, mistake, and deception created as a result of Defendant's use of the Infringing Mark in connection with its services is causing irreparable harm to RRB's goodwill and reputation symbolized by the RUMBA Marks.

25. RRB lacks an adequate remedy at law because the RUMBA Marks are unique and represent the source, reputation, and goodwill of services promoted using the RUMBA name to the public. Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate RRB for Defendant's misconduct.

26. RRB is entitled to an injunction under 15 U.S.C. § 1116 against Defendant's continued use of the Infringing Mark or any confusingly similar variations of RRB's RUMBA Marks. Unless enjoined, Defendant will continue to use the Infringing Mark and continue to cause consumer confusion and injure RRB's goodwill and reputation.

27. As a direct and proximate result of Defendant's willful conduct, RRB is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendant attributable to the infringement in an amount to be proven at trial.

28. Defendant's actions in adopting and using the Infringing Mark in connection with directly related services gives rise to an inference of intentional, willful, and malicious intent on the part of Defendant to trade on the goodwill associated with RRB's RUMBA Marks and to cause public confusion, mistake, and deception about the certification, source, or affiliation of

Defendant's services. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of RRB's reasonable attorneys' fees.

## COUNT II
### Federal False Advertising, 15 U.S.C. § 1125(a)(1)(B)

29. Plaintiff incorporates by reference the preceding paragraphs.

30. Defendant's use of the Infringing Mark, in commercial advertising or promotion in connection with Defendant's restaurant services, misrepresents the nature, characteristics, and/or qualities of the products thereof by creating the false and misleading impression that Defendant's services are affiliated, connected, or associated with RRB, or certified, sponsored, endorsed, or approved of by RRB.

31. Defendant has made false or misleading descriptions of fact, false or misleading representations of fact, and/or false designations of origin of its services in violation of 15 U.S.C. § 1125(a) by using the Infringing Mark in connection with its services.

32. Defendant is liable under 15 U.S.C. § 1125(a)(1)(B) for false advertising as a result of its use of the Infringing Mark.

33. Defendant's activities have caused and, unless enjoined by this Court, will continue to cause misrepresentations to members of the public and RRB's actual and prospective customers.

34. The misrepresentation created as a result of Defendant's use of the Infringing Mark in connection with its services is causing irreparable harm to RRB's goodwill and reputation symbolized by the RUMBA Marks.

35. RRB lacks an adequate remedy at law because the RUMBA Marks are unique and represent the source, reputation, and goodwill of services promoted to the public using the

RUMBA Marks. Certain damages caused by Defendant's acts may not be susceptible to any ready or precise calculation of damages because such damages involve lost business opportunities and loss of goodwill. Accordingly, monetary damages alone cannot fully compensate RRB for Defendant's misconduct.

36. RRB is entitled to an injunction under 15 U.S.C. § 1116 against Defendant's continued use of the Infringing Mark or any confusingly similar variations of RRB's RUMBA Marks. Unless enjoined, Defendant will continue to use the Infringing Mark and continue to cause misrepresentations to the public and injure RRB's goodwill and reputation.

37. As a direct and proximate result of Defendant's willful conduct, RRB is also entitled to recover three times its actual damages and the profits wrongfully obtained by Defendant attributable to the infringement in an amount to be proven at trial.

38. Defendant's actions in adopting and using the Infringing Mark in connection with directly related services gives rise to an inference of intentional, willful, and malicious intent on the part of Defendant to trade on the goodwill associated with RRB's RUMBA Marks and to cause public confusion, mistake, and deception about the certification, source, or affiliation of Defendant's services. Accordingly, this is an exceptional case under 15 U.S.C. § 1117(a) justifying an award of RRB's reasonable attorneys' fees.

## COUNT III
## Common Law Trademark Infringement and Unfair Competition

39. RRB incorporates by reference the preceding paragraphs.

40. Defendant is using the Infringing Mark in a manner that is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendant

and RRB, and as to the origin, certification, sponsorship, and approval of Defendant's services by RRB.

41. Defendant's acts constitute common law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion thereby causing irreparable harm to RRB, including without limitation, injury to RRB's reputation and business identity resulting in lost revenue and profits and diminished goodwill and reputation. RRB has no adequate remedy at law for this injury.

42. Defendant acted with full knowledge of RRB's use of and rights in the RUMBA Marks and without regard to the likelihood of confusion of the public created by Defendant's activities.

43. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with RRB's RUMBA Marks to the great and irreparable injury of RRB.

44. As a result of Defendant's acts, RRB has been damaged in an amount not yet determined or ascertainable. In addition to other relief, RRB is entitled to injunctive relief, an accounting of Defendant's profits, actual damages, punitive damages, and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendant as follows:

45. That Defendant, its officers, directors, agents, servants, affiliates, employees, successors, assigns, parent, and subsidiary companies and representatives, and all those acting in privity or in concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    A. Affixing, applying, annexing, or using, in connection with the advertising, sale, or offering of restaurant services or related goods and services, the Infringing Mark, any marks confusingly similar to RRB's RUMBA Marks, or any other marks that might tend to falsely describe or represent such goods or services as being those of RRB;

    B. Performing any actions or using any trademarks, service marks, or other words, names, titles, designs, or logos that are likely to cause confusion, to cause mistake, to deceive, or to otherwise mislead the public into believing that Defendant's services are certified by, sponsored by, affiliated with, or in any way connected to RRB;

    C. Using any trademarks, service marks, or other words, names, titles, designs, or logos or engaging in any other conduct that creates a likelihood of injury to the business reputation of RRB or a likelihood of misappropriating RRB's distinctive marks and the goodwill associated therewith;

    D. From further infringing RRB's RUMBA Marks and damaging RRB's goodwill; and

    E. Engaging in any trade practices, including those complained of herein, which unfairly compete with or injure RRB, its business, or the goodwill appertaining thereto.

46. That Defendant be ordered to cancel or destroy all signage, marketing, advertising, and promotional materials that display or otherwise feature the Infringing Mark or any marks confusingly similar to RRB's RUMBA Marks.

47. That Defendant be ordered to disable its Internet website, Facebook page, and all other social media or Internet-based media until such time as all uses of the Infringing Mark or any marks confusingly similar to RRB's RUMBA Marks have been removed.

48. That RRB be awarded all damages it has sustained by reason of Defendant's wrongful acts, and that such damages be trebled to the extent allowed by law, pursuant to 15 U.S.C. § 1117.

49. That an accounting and disgorgement be ordered and RRB be awarded all gains, profits, and advantages derived by Defendant from its wrongful acts and that the amount of any accounting be trebled to the extent allowed by law.

50. That Defendant be required to compensate RRB for all of RRB's litigation expenses, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

51. That the Court grant RRB such other relief as it deems just and proper.

Dated: Woodbury, New York
June 15, 2016

F. CHAU & ASSOCIATES, LLC

By: _____
Ralph N. Gaboury, Esq.

Attorneys for Plaintiff
RUMBA RUM BAR LLC

130 Woodbury Road
Woodbury, NY 11797

P: 516-692-8888
F: 516-692-8889
E: gaboury@chauiplaw.com